# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UGO JOHN LEONE, | Case No. 2:06-cv-1459-RLH-RJJ |
| Plaintiff, | **ORDER** |
| vs. | (Application for Temporary Restraining Order; Motion for Preliminary Injunction–#56) |
| JOHN J. WILLIAMS, *et al.*, | |
| Defendants. | |

Filed with the Court is Plaintiff's **Application for Temporary Restraining Order** and **Motion for Preliminary Injunction** (#56, filed April 11, 2007). The document nor the docket reflects that there has been service on any of the other parties. However, because the Application and Motion will be denied *sua sponte,* the Court will not wait to satisfy its curiosity.

It appears that Plaintiff made contact with Defendant John Williams who promised Plaintiff he could make some "serious money" quickly, by "flipping houses." The promise was simple enough. Using Williams' skill and promised largess, he would help Plaintiff Leone buy houses and then quickly sell them for a substantial profit. Yielding to his avarice and Williams' promises, Plaintiff apparently purchased two houses with attendant mortgages. Williams allegedly reneged on promises to make the mortgage payments until the houses were sold and made himself scarce. The mortgage companies initiated foreclosure procedures and Plaintiff wants the Court to forestall foreclosure because of the financial difficulties it will cause him and the blot on his credit report likely to result.

Unfortunately for Mr. Leone, his plight does not attain the standard for issuance of

a temporary restraining order or a preliminary injunction.

Pursuant to Rule 65(b), Fed. R. Civ. P., a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

A temporary restraining order is, in reality, a temporary preliminary injunction, issued for a limited period of time to give the responding party(s) an opportunity to be heard. It is only given, as stated above, where it appears that there would be an immediate and irreparable injury before the responding party can be heard. The issue for a temporary restraining order is whether something needs to be done immediately, before a hearing, which in turn requires that a hearing be done immediately, within no more than ten days. Once the adverse party is given an opportunity to respond, and a hearing is set, then the consideration by the Court is whether a preliminary injunction should issue. Essentially the standard for the two is similar, but the decision on the temporary restraining order must be made without the benefit of hearing both sides, and, the primary consideration is whether there is imminent danger that some irreparable damage may occur before the hearing. In that determination, the Court only has the representations of one party.

An injunction is an extraordinary remedy not to be lightly issued. *Hubbard Business Plaza v. Lincoln Liberty Life Ins. Co.*, 649 F. Supp 1310, 1317 (D. Nev. 1896). "The traditional equitable criteria for granting preliminary injunctive relief are (1) a" strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Dollar Rent a Car of Wash., Inc. v. Travelers Indem. Co*, 774 f.2d 1371, 1374 (9th Cir. 1985). "The moving party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1201 (9th

1  Cir. 1980). These are not separate tests, but the outer reaches of a single continuum. *Dollar*, 744
2  F.2d at 1375. However, where money damages can satisfy the loss, generally a preliminary
3  injunction will not lie.

4  Plaintiff spends much time and effort in citing cases which stand for the
5  proposition that the loss of real property is *per se* irreparable injury. The cases cited are
6  inapposite. The loss of the property is not what Plaintiff fears. He merely wants to delay the
7  foreclosure so he can try to sell the houses himself and avoid the deficiency and/or adverse
8  effects on his credit rating. He loses the houses either way. Therefore, the loss will not be of the
9  property, but of his credit standing and his financial position. Those losses can be calculated in
10 monetary terms and he can be compensated adequately by a monetary award.

11 Furthermore, the foreclosure date on one property was for February 16, 2007, two
12 months ago. The foreclosure date on the second property is unknown. The Court is uncertain
13 what it would restrain and what the terms of the restraint would be.

14 Plaintiff has not demonstrated that he would have success against the foreclosing
15 mortgage companies. They are merely exercising their rights under the mortgage. Plaintiff's
16 culpability in entering into the mortgage is not shown to be less than the mortgage companies'
17 culpability (if any) for lending him the money.

18 The Court has already determined that the potential injury is not irreparable.
19 Merely because they have more money than he, Plaintiff has not shown that the balance of
20 hardship tilts in his favor. He has recovered his money. He only faces potential impact on his
21 credit. The mortgage companies lent hundreds of thousands of dollars which they are trying to
22 recoup. There is no evidence that delay will increase their chances of recovering their money in
23 the present market. Plaintiff has admitted he has already tried to sell the properties, without
24 success because of the current real estate market.

25 There is no public interest in protecting Plaintiff from his investment
26 misadventures.

27 Accordingly, Plaintiff has failed to establish any of the necessary criteria for
28 issuance of a temporary restraining order or a preliminary injunction.

IT IS THEREFORE ORDERED that Plaintiff's **Application for Temporary Restraining Order** and **Motion for Preliminary Injunction** (#56,) are DENIED.

Dated: April 11, 2007.

_____
Roger L. Hunt
Chief United States District Judge