UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UGO JOHN LEONE, | Case No.: 2:06-cv-01459-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#47) |
| JOHN J. WILLIAMS; SUNTRUST MORTGAGE INC.; SUNTRUST BANK; *et al.*, | |
| Defendants. | |

Before the Court is Defendants Suntrust Mortgage, Inc. and Suntrust Bank's (collectively "Suntrust") **Motion to Dismiss Plaintiff's Amended Complaint** (#47) and supporting memorandum (#48), filed April 2, 2007. The Court has also considered Plaintiff's Opposition (#78), filed April 23, 2007, and Suntrust's Reply (#79), filed April 26, 2007.

Plaintiff filed the original action in the Eighth Judicial District Court in Clark County, Nevada asserting various claims against multiple Defendants, one being violations of the federal Racketeering Influenced and Corrupt Organizations Act ("RICO"). On that basis, certain Defendants removed the case to federal court under 28 U.S.C. § 1441. After several motions to dismiss and joinders were filed, the Court sua sponte dismissed all claims asserted by Plaintiff against all Defendants because Plaintiff failed to plead the proper elements of all of his causes of

1    action. In so dismissing, the Court granted Plaintiff leave to amend. On March 19, 2007, Plaintiff
2    filed an Amended Complaint dropping his federal RICO claim. Accordingly, the original basis for
3    removal is no longer present and the Court hereby remands the remaining state law claims.
4          Section 1441(c) authorizes the Court to retain jurisdiction over otherwise
5    nonremovable "separate and independent claim[s]" that have been joined with a removable claim.
6    Thus, the Court has jurisdiction over Plaintiff's state law claims. However, the "power to
7    adjudicate a controversy is not always co-extensive with the propriety of its exercise." *Murphy v.*
8    *Kodz*, 351 F.2d 163, 167 (9th Cir. 1965). This is one such instance. Thus far in the litigation, this
9    Court has spent minimal judicial resources in addressing the merits of Plaintiff's state law claims
10   and the State of Nevada retains a higher interest in resolving disputes arising under its laws.
11   *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (stating that "[n]eedless
12   decisions of state law should be avoided both as a matter of comity and to promote justice between
13   the parties by procuring for them a surer-footed reading of applicable law"); *Wham-O-Mfg. Co. v.*
14   *Paradise Mfg. Co.*, 327 F.2d 748, 753 (9th Cir. 1964) (holding that state law claims more
15   appropriately belonged to state court after federal claims were dismissed and federal court did not
16   expend much energy in determining state law claims).
17         The United States Supreme Court has stated that when a "single federal law claim
18   in the action [i]s eliminated at an early stage of the litigation, the District Court ha[s] a powerful
19   reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484
20   U.S. 343, 351 (1988). In this instance, it does not appear that Plaintiff dropped his federal claim
21   for the sole purpose of defeating federal jurisdiction, as Plaintiff did not subsequently move to
22   remand after abandoning his federal claim. *Id.* at 357. (stating that "a district court can consider
23   whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a
24   case.").
25         For the foregoing reasons, the Court finds that the interests of economy, fairness
26   and comity require the Court to remand the case to State court for adjudication of Plaintiff's

AO 72
(Rev. 8/82)

1  remaining state law claims. The same statute that allows the Court authority to retain jurisdiction
2  over pendant state law claims also gives the Court discretion to "remand all matters in which State
3  law predominates." 28 U.S.C. § 1441(c). It is under this authority that the Court remands the
4  entire case back to the Eighth Judicial District Court of Nevada. *Carnegie-Mellon*, 484 U.S. at
5  619-620 (emphasizing that the pendent jurisdiction doctrine supports giving discretion to remand
6  when exercise of that jurisdiction is inappropriate and when remand, rather than dismissal, better
7  accommodates the interests of justice).
8      Accordingly, and for good cause appearing,
9      IT IS HEREBY ORDERED that this case is hereby dismissed and remanded to the
10 Eighth Judicial District Court of the State of Nevada.

    Dated: May 22, 2007.

_____
**ROGER L. HUNT**
**Chief United States District Judge**

AO 72
(Rev. 8/82)